KAREN PAZZANI, SBN 252133
kjp@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: 310.943.8500
Facsimile: 310.943.8501

SAMUEL ZURIK III *(Pro Hac Vice)*
SZ@kullmanlaw.com
RACHEL E. LINZY *(Pro Hac Vice)*
REL@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants,
AFFILIATED COMPUTER SERVICES, INC. and
XEROX CORPORATION

**NOTE CHANGES MADE BY THE COURT.**

**NOTE CHANGES MADE BY THE COURT.**

UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PAMELA D. EVANS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation; and XEROX corporation, a New York corporation, and DOES 1 through 14, Inclusive,<br><br>Defendants. | Case No.: 2:13-CV-07407-JFW-AGR<br><br>DISCOVERY MATTER<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION**<br><br>Pre-trial conference: 9/5/14<br>Trial: 9/23/14 |

1. The parties agree that the following information or documents produced are confidential: (a) financial information, medical records, personnel

data, or documents concerning the Plaintiff; (b) non-public financial information concerning the Defendants, such as, but not limited to, contractual terms between the Defendants and customers, as well as margin information; (c) Defendants' employee personnel files, employee personal identifiers, employee pay rates, employee performance evaluations, employee disciplinary actions, and employee job classifications; (d) personnel, benefits, employment-related or medical records concerning the Plaintiff; (e) internal investigations conducted by the Defendants or its affiliates into conduct of its personnel; (f) information relating to or concerning Defendants' nonpublic legal affairs; (g) Defendants' proprietary and/or commercial practices and procedures; (h) Defendants' customer data, customer contact information, customer contracts, customer contract rates, revenues, and costs and (i) any and all confidential settlements. This list is not exhaustive, and either party may designate other appropriate information or documents, including deposition testimony, as confidential and subject to this Order.

2. The confidential documents and information obtained under this Order shall be used only by the parties and only for purposes of the prosecution or defense of this action. The confidential information and documents shall be used for no other purpose, and they shall not be disclosed to any other person (defined as broadly as possible to include individuals, entities, governmental agencies, etc.) except in accordance with this Order.

3. Except with prior written consent of the party producing the information or documents, no confidential information or documents may be disclosed to any person other than:

    a. counsel of record in this action and employees of such counsel;

    a1. *or attorneys seeking to represent the Plaintiff* [handwritten]

    b. the parties to this action and their staff who are directly involved in the prosecution or defense of this action; or *preparation of documents or* [handwritten]

    c. experts and consultants (and their staff and support personnel), consulted by persons described in (a) or (b) above in connection with this action (whether in preparation for trial or in presentation of evidence, in connection with hearing, motions, testimony, evaluation or advice, or otherwise in connection with the case); or

    d. court reporters while in the performance of their official duties, provided that these persons may retain confidential documents only for so long as is necessary for the conduct of their duties in this case; or

    e. any deponent and/or witness in this action, provided that these persons may retain confidential documents only for so long as is necessary for the conduct of their duties in this case; or

    f. the District Court.

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION

4. Except for those persons identified in sub-paragraphs 3(a), (b), (d) and (f) above, no person authorized under this Order to receive access to confidential information and documents shall be granted access until the party intending to make such disclosure has (i) provided such person with a copy of this Order and (ii) the person has been given an opportunity to read this Order and agrees to be bound by this Order and to have submitted to the continuing jurisdiction of the District Court for the purposes of enforcing this Order. Counsel for the parties shall be responsible for maintaining a list of such persons to whom the confidential information and documents are disclosed (excluding those excepted in the previous sentence). If any confidential information or documents have been disclosed to anyone prior to the entry of this Order, then the disclosing person will inform the recipient of the existence of this Order within one week of the entry of this Order.

5. The provisions of this Order shall not terminate at the conclusion of this action but shall survive the same. Other than (i) copies of confidential documents produced under this Stipulated Protective Order for distribution to persons listed in paragraph 3, (ii) copies used during discovery, and (iii) copies submitted to the District Court, the confidential information and documents shall not be duplicated. All copies of confidential information and documents under this Order (other than documents submitted to the Court), shall be collected by counsel distributing same within 30 days after the final conclusion or settlement of this action, and shall be either destroyed or returned to the party producing them.



[PROPOSED] PROTECTIVE ORDER FOR
CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

4

6. If, at any time when the confidential information and documents are in the possession of any party to whom they have been produced, the confidential information or documents are subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such documents and/or information, the party to whom the subpoena is directed will not produce such documents or information without giving written notice of the subpoena (including the delivery of a copy thereof) to the appropriate party within 48 hours after receipt of the subpoena.

7. If a party wishes to make a disclosure not permitted by paragraph 3(a)-(f), the party's counsel shall not effectuate such disclosure without first obtaining the consent of the producing party's counsel. If the producing party=s counsel is not agreeable to the planned disclosure, then the party seeking the disclosure may request the approval of the Court to effectuate such disclosure, provided that proper notice of hearing before the Court is given to the opposing counsel.

8. Absent any specific order from the Court regarding the use of confidential information or documents in connection with any motion, opposition, or other pleading in this case, any documents available for public viewing containing confidential information or documents may be filed as usual or as customary:

a. by the party that produced the confidential information or documents.

b. by the party that did not produce the confidential information or documents if, after a conference between counsel for the parties at least one week before filing, the party who produced the confidential information or documents consents. If, however, the producing party believes and asserts that such confidential information or documents should be placed under seal at the time of, or after, the filing, then that party may file a motion in an effort to accomplish same in the event that the other party declines in good faith during the conference to file the confidential information or documents under seal. If a conference between counsel is not held one week before filing, then the confidential information or documents must be filed ~~under seal~~ *with an application to file under seal* pursuant to Local Rule 79-5.

9. Any party may seek to modify, expand, cancel, or supersede this Order by stipulation of the parties or by motion on notice. Nothing in this Order shall:

a. prejudice in any way the rights of any party to object to the production of documents that it considers not subject to discovery;



[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION

b.  prejudice in any way the rights of a party to seek a Court determination of whether particular discovery matters should be produced or, if produced, whether such material should be subject to the terms of this Order; or

c.  prejudice in any way the rights of a party to apply to the Court for further orders relating to any confidential information or documents.

10. This Order shall not limit any party from seeking a modification of this Order or further protection from the District Court.

**IT IS SO ORDERED.**

5/13/14

_Alicia G. Rosenberg_   MAGISTRATE
UNITED STATES ~~DISTRICT COURT~~ JUDGE
HON. ~~JOHN F. WALTER~~ ALICIA G. ROSENBERG

**APPROVED AS TO FORM:**

_Pamela Evans_
Pamela D. Evans
~~1543 W. 35th Street~~ P/R
~~Los Angeles, CA 90018~~
Phone: (310)-864-6822
acsdiscpe@aol.com
PO Box 180264
Los Angeles, CA
90018

_Rachel E. Linzy_
RACHEL E. LINZY
(Admitted Pro Hac Vice)
REL@kullmanlaw.com
SAMUEL ZURIK III
(Admitted Pro Hac Vice)
SZ@kullmanlaw.com
**THE KULLMAN FIRM**

7

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION

|   |   |
|---|---|
| 1 | 1100 Poydras Street, Suite 1600 |
| 2 | New Orleans, Louisiana 70163 |
| 3 | Telephone: (504) 524-4162 |
|   | Facsimile: (504) 596-4189 |
| 4 |   |
| 5 | KAREN PAZZANI, SBN |
|   | kjp@millerlawgroup.com |
| 6 | **MILLER LAW GROUP** |
| 7 | 12121 Wilshire Blvd., Suite 1375 |
|   | Los Angeles, CA 90025 |
| 8 | Telephone: 310.943.8500 |
| 9 | Facsimile: 310.943.8501 |

**Attorneys for Defendants Xerox Corporation and Affiliated Computer Services, Inc.**