1  HOLLY LAKE, SBN 204304
2  hlake@millerlawgroup.com
   **MILLER LAW GROUP**
3  12121 Wilshire Blvd., Suite 1375
   Los Angeles, CA 90025
4  Telephone: 310.943.8500
   Facsimile: 310.943.8501
5
   SAMUEL ZURIK III *(Pro Hac Vice)*
6  SZ@kullmanlaw.com
   RACHEL E. LINZY *(Pro Hac Vice)*
7  REL@kullmanlaw.com
   **THE KULLMAN FIRM**
8  A Professional Law Corporation
   1100 Poydras Street, Suite 1600
9  New Orleans, Louisiana 70163
   Telephone: (504) 524-4162
10 Facsimile: (504) 596-4189
11
   Attorneys for Defendants,
12 XEROX BUSINESS SERVICES, LLC. and
   XEROX CORPORATION
13
14                    UNITED STATES DISTRICT COURT
       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
15

| | |
|---|---|
| 16  PAMELA D. EVANS, an individual, | Case No.: 2:13-CV-07407-JFW-AGR |
| 17  Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR CONTEMPT** |
| 18  vs. | |
| 19  AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation; and XEROX corporation, a New York corporation, and DOES 1 through 14, Inclusive, | Date:        January 26, 2015<br>Time:        1:30 p.m.<br>Ctrm:        16<br>Judge:      Hon. John F. Walker |
| 20 | |
| 21  Defendants. | |
| 22 | |

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

FACTUAL BACKGROUND .................................................................................. 1

I.   The Workers' Compensation Deposition ............................................... 3

II.  The Instant Action and Order Compelling Arbitration. ...................... 3

III. The State Actions ................................................................................... 5

LAW ............................................................................................................... 6

ARGUMENT ................................................................................................... 8

I.   Plaintiff Has Harassed Defendants with Vexatious Lawsuits and Unnecessarily Delayed and Increased the Costs of Litigation. .................................................. 8

II.  Plaintiff Has Violated the Court's Order Compelling Arbitration ...................... 9

III. Plaintiff's Actions Are Willful and in Bad Faith. ........................................... 10

RELIEF REQUESTED ....................................................................................... 11

MPA  ISO DEFENDANTS' MOTION
FOR CONTEMPT

# TABLE OF AUTHORITIES

**CASES**

*Aguilar v. Sunland Beef Co.,*
  89 F.3d 844 (9th Cir. 1996) ............................................................... 7

*Aloe Vera of Amer., Inc. v. United States,*
  376 F.3d 960 (9th Cir. 2004) ............................................................. 8

*Bademyan v. Receivable Mgmt Servs. Corp.,*
  No. CV 08–00519, 2009 WL 605789 (C.D. Cal., Mar. 9, 2009) ..................... 6, 7

*Dual–Deck Video Cassette Recorder Antitrust Litig.,*
  10 F.3d 693 (9th Cir. 1993) ............................................................... 7

*General Signal Corp. v. Donallco. Inc.,*
  787 F.2d 1376 (9th Cir. 1985) ........................................................... 7

*In re Melcher,*
  No. C-13-04930-RMW, 2014 WL 4954776 (N.D. Cal. Oct. 1, 2014) ................. 8

*Lockary v. Kayfetz,*
  974 F.2d 1166 (9th Cir. 1992) ........................................................... 8

*Marshall-Edward v. ING Bank, FSB,*
  No. 2:12-CV-1312-JAM, 2013 WL 1328397 (E.D. Cal. Mar. 29, 2013) ............ 8

*NuScience Corp. v. Henkel,*
  No. CV 08-2661-GAF FFMX, 2014 WL 5846754 (C.D. Cal. Nov. 12, 2014) .... 6

*Reno Air Racing Ass'n., Inc. v. McCord,*
  452 F.3d 1126 (9th Cir. 2006) ........................................................... 6

*S.E.C. v. Schooler,*
  No. 3:12-CV-2164, 2014 WL 6611465 (S.D. Cal. Nov. 20, 2014) ................. 6

*SEC v. Elmas Trading Corp.,*
  824 F.2d 732 (9th Cir. 1987) ............................................................. 7

*Shappell v. Sun Life Assur. Co.*, No. 2:10-cv-03020, 2011 WL 2070405 (E.D. Cal.
  May 23, 2011) ............................................................................... 7

*Stoller ex rel. Stoller v. Bank of New York Mellon Trust Co.*,
  No. 12-1307, 2013 WL 5328052 (D. Ariz. Sept. 24, 2013) ........................ 7, 8

*United States v. United Mine Works of Am.,*
  330 U.S. 258 (1947) ....................................................................... 7

*Wages v. I.R.S.,*
  915 F.2d 1230 (9th Cir. 1990) ........................................................... 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wolfard Glassblowing Company v. Vanbragt*,
   118 F.3d 1320 (9th Cir. 1997) ............................................................... 6


**STATUTES**

Fed. R. Civ. Proc. 70 ............................................................... 6, 8

28 U.S.C. § 1927 ............................................................... 8

MPA ISO DEFENDANTS' MOTION
FOR CONTEMPT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendants Xerox Business Services, LLC (f/k/a Affiliated Computer Services, Inc.) ("XBS") and Xerox Corporation ("Xerox") (collectively referred to herein as "Defendants"), hereby respectfully request that the Court, *inter alia*:  (1) hold the Plaintiff, Pamela Evans, in contempt for failing to comply with this Court's May 29, 2014, Order Compelling Arbitration; (2) dismiss all of Plaintiff's claims currently pending against Defendants before this Court and in this Court's compelled arbitration; or, in the alternative, order Plaintiff to submit all claims against these Defendants pending in state court to the compelled arbitration[1]; and (3) sanction Plaintiff under 28 U.S.C. §1927 and its inherent power for her deliberate, vexatious multiplication of proceedings and abuse of process designed primarily to harass Defendants and needlessly increase the costs of litigation.

In short, in spite of this Court issuing an Order on May 29, 2014 [Doc. No. 52], ***specifically ordering Plaintiff to arbitrate her claims*** (based on a signed agreement to submit workplace and post-termination claims to final and binding arbitration pursuant to XBS's Dispute Resolution Plan), Plaintiff has ***recently filed two nearly-identical state court lawsuits*** against Defendants (among others) ***alleging the same claims that are at issue in this case***, and has ***refused to arbitrate*** those claims.  Plaintiff has also continued her pattern of dilatory delay in the compelled arbitration, as well as, filed or threatened to file various criminal, administrative, and other actions against Defendants and others for the same issues.  Defendants thus respectfully seek to have the Court hold Plaintiff in contempt and sanction her accordingly.

## FACTUAL BACKGROUND

To briefly recap, XBS hired Plaintiff in 2007 as a Senior Auditor in its compliance department. [Doc. No. 52, p. 1.]  As a condition of employment, on

---

[1]    Defendants have contemporaneously filed a separate Petition to Compel Arbitration of Plaintiff's claims against Defendants in her two separately filed, but virtually identical state court actions.

MPA ISO DEFENDANTS' MOTION FOR CONTEMPT

August 26, 2007, Plaintiff accepted and agreed to XBS's dispute resolution plan (the "DRP"), which provided the exclusive means for resolving employment disputes covered under the DRP. [*Id.*] During Plaintiff's employment, XBS was acquired by Xerox; Xerox, however, had no involvement in Plaintiff's employment with its separately staffed and managed subsidiary. After considerable and inexplicable delay and obstruction of an investigation Plaintiff herself initiated, XBS terminated Plaintiff's employment on July 24, 2013 for her continued refusal to cooperate in an investigation. [Doc. No. 52, pp. 2-3.]

During and after her employment, Plaintiff asserted a variety of claims, in various forums, against XBS and Xerox, including but not limited to:

1.  A workers' compensation claim against XBS for stress and dizziness;

2.  Three charges of discrimination against XBS with the EEOC and DFEH asserting race and sex discrimination and retaliation;

3.  A Sarbanes-Oxley ("SOX") whistleblower retaliation claim against XBS with the Department of Labor ("DOL");

4.  An amended Dodd-Frank Act ("DFA") whistleblower retaliation claim against XBS with the DOL;

5.  A PAGA claim with a vexatious litigant against XBS with the California Department of Labor;

6.  The instant race, sex, family status, and disability discrimination and retaliation action against XBS and Xerox; and

7.  The two recently-filed state court lawsuits against XBS and Xerox (and other, unrelated parties), which reallege the claims at issue in the instant action (hereinafter referred to as the "State Actions" and attached as Exhibits A and B to Linzy Decl.).

[Doc. No. 52, pp. 2-3, detailing (1) through (6) above.] Additionally, Plaintiff has claimed that she filed a temporary restraining order with the local police department against XBS employees for allegedly breaking into the home she shared with a roommate to steal her clothes, surveillance tapes, and papers, and following her. (Linzy Decl.) Recently, Plaintiff submitted a new complaint to the DOL asserting that XBS has subjected her to twenty-four hour aerial and electronic

surveillance – echoing her claims that she was followed by a helicopter after her workers' compensation deposition. (DOL Complaint, attached as Exhibit C to Linzy Decl.) [*See also* Doc. 52, p. 2.]  Finally, in communications with defense counsel, Plaintiff has indicated her desire to pursue legal action in whatever forum possible regarding alleged "interference" and retaliation by XBS until she receives a ruling in her favor. (Linzy Decl.)

## I.   The Workers' Compensation Deposition

This ongoing saga started with Plaintiff's deposition in her February 2011 workers' compensation claim.  Plaintiff was deposed in that suit by Amy Lamb on April 25, 2011.   During that deposition (where Plaintiff was represented by counsel), Ms. Lamb questioned Plaintiff about her rental property, banking information, and supplemental, investment income.  Plaintiff became agitated and abruptly ended her deposition without further answering questions.  Admittedly "emotionally upset" about the questions from the workers' comp insurer's counsel, Plaintiff called in sick the next four work days.  On April 29, 2011, while allegedly too sick to work, Plaintiff called a client of XBS, GCO, that was engaged in third party litigation with XBS and offered herself for a subpoenaed deposition. (*See* Plaintiff's Emails, attached as Exhibit D to Linzy Decl.)  There followed three months of delay and obstruction while XBS attempted to investigate Plaintiff's alleged knowledge regarding the third party litigation and then three and a half years of more than half a dozen legal actions against Defendants.

## II.   The Instant Action and Order Compelling Arbitration

The Court set forth the factual and procedural history of this litigation in its Order Compelling Arbitration. [Doc. No. 52.]  Following her termination from XBS employment, Plaintiff filed this lawsuit (in addition to various claims she filed with federal and state administrative agencies, as noted above) on July 24, 2013, in Los Angeles Superior Court alleging harassment, discrimination,

MPA ISO DEFENDANTS' MOTION
FOR CONTEMPT

retaliation and infliction of emotional distress claims against Defendants. Plaintiff's instant complaint further includes post-termination claims, alleging Defendants failed to re-hire her, blacklisted her, and "continually harassed her through interference with her investment income." [Doc. No. 1, Ex. 1 at p. 5, 10.] Defendants removed this case to this Court, where discovery slowly ensued despite repeated dilatory tactics by Plaintiff (including a motion to stay, postponements, unilaterally and abruptly truncated depositions,[2] and missed deadlines). On May 29, 2014, this Court compelled Plaintiff to arbitrate her claims pursuant to her agreed DRP.[3] [Doc. No. 52.]

When Plaintiff delayed initiating arbitration for three months, this Court issued another Order requiring her to start the arbitration or face dismissal on August 22, 2014. [Doc. No. 55.] Plaintiff ultimately agreed to arbitrate and the arbitration proceeding has commenced, with an arbitrator having been appointed on October 29, 2014. [Doc. No. 60.] Plaintiff has continued her dilatory, harassing tactics in the arbitration where directly after selecting the arbitrator, she sought to recuse her and threatened to sue her. (Linzy Decl.)

Throughout the pendency of this action and the compelled arbitration, Plaintiff has deliberately slowed and multiplied the process by: (i) delaying based on her inability to retain counsel despite searching for more than three years and alleged mental and physical disabilities; (ii) questioning the impartiality of this Court and the arbitrator after rulings or statements were made that were not to

---

[2]   These deposition "walk outs," of course, are reminiscent of her behavior in the workers' comp deposition and the depositions in the client's third party litigation. [Doc. No. 52, p. 2.]

[3]   In a like move and recognizing the interconnectedness of Plaintiff's allegations against Defendants, the Administrative Law Judge presiding over Plaintiff's SOX and DFA claims in the DOL also issued a stay pending the outcome of the arbitration. (ALJ Order, attached as Exhibit E to Linzy Decl.) Of note, for a considerable period of time, Plaintiff was "represented" by Randall Pittman, an adjudicated vexatious litigant in California, in the DOL proceeding and associated with him in threatening to re-open closed matters against Defendants involving completely unrelated parties. After the ALJ questioned Mr. Pittman's representation, Mr. Pittman nominally withdrew.

MPA ISO DEFENDANTS' MOTION
FOR CONTEMPT

1   Plaintiff's liking; (iii)  disrupting depositions, discovery, and various proceedings;
2   and (iv) threatening and filing additional legal actions on the same facts that are
3   already pending in several forums.

4   **III.    The State Actions**

5          Despite the Court's two clear Orders compelling her to arbitrate her claims
6   against Defendants on May 29 and August 22, 2014, Plaintiff, on September 23,
7   2014, and October 9, 2014, filed two virtually identical state court civil actions in
8   two different divisions of Los Angeles County Superior Court styled *Pamela D.*
9   *Evans; et al. v. East West Bank; et al.*, Case No. BC558513, and *Pamela D. Evans;*
10  *et al. v. East West Bank; et al.*, Case No. YC070155 (collectively, the "State
11  Actions.")  The State Actions name XBS, Xerox, and Amy Lamb, among others,
12  as defendants and again claim that Defendants harassed, inflicted emotional
13  distress upon, and  retaliated against Plaintiff.  (*Id.*)

14         The State Actions focus on Plaintiff's allegations in this lawsuit that
15  Defendants interfered with her investment income (certain rental properties that
16  appear to have been foreclosed upon).   Additionally, throughout the "factual
17  allegations" and the causes of action of these two State Actions, Plaintiff describes
18  her employment with XBS and the various acts of harassment, discrimination, and
19  retaliation allegedly taken by Defendants because of actions, including her
20  workers' compensation claim, she had filed against XBS, essentially restating the
21  *same claims* that she has asserted in this case. (*Id.*)

22         Accordingly, the Court's Order Compelling Arbitration applies to these
23  claims, and Plaintiff is required by that Order to submit her claims against XBS
24  and Xerox to arbitration and not to a judicial forum.  Defense counsel ***reminded***
25  ***Plaintiff of her arbitration obligations and this Court's Order***, requesting that she
26  submit the claims to arbitration or Defendants would seek appropriate relief and
27  fees and costs. (Parties' Correspondence dated 11/24-25/14, attached as Exhibit F

28

MPA ISO DEFENDANTS' MOTION
FOR CONTEMPT

to Linzy Decl.) **Plaintiff refused** Defendants' request that she arbitrate these claims, stating that she is:

> Proposing…that all claims not be included in this arbitration as [she has] not being (sic) able to obtain due process and [her] rights to a fair trial have been violated in this case due to constant interference which [she] would like to have the opportunity in providing with a jury and if possible with a claim to the Night (sic) Circuit or its Judicial Committee….[Defendants'] interference in tampering with [her] financial affairs and covert surveillance is illegal. It will be addressed at some point even if Judge [Walter] chooses to dismiss [her] case as it already appears he is biased against [her].

(*Id.*)

Thus, in essence, Plaintiff has simply restated her claims that are currently pending in arbitration as ordered by this Court, in two state court lawsuits – a clear violation of the Court's Order Compelling Arbitration (and subsequent reminders) and a move (which she intends to repeat *ad nauseum*) calculated to result in severe prejudice to Defendants. She should be held in contempt and sanctioned for doing so.

## LAW

Federal Rule of Civil Procedure 70(e) allows a federal court to find a party in contempt for failure to comply with a court order. Fed. R. Civ. P. 70; *S.E.C. v. Schooler*, No. 3:12-CV-2164, 2014 WL 6611465, at *2 (S.D. Cal. Nov. 20, 2014). A motion for contempt may be granted where (1) a party has violated a court order; (2) the violation demonstrably fell short of substantial compliance with the court order; and (3) the violation was not based on a good faith and reasonable interpretation of the order. *Wolfard Glassblowing Company v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997); *NuScience Corp. v. Henkel*, No. CV 08-2661-GAF FFMX, 2014 WL 5846754, at *2 (C.D. Cal. Nov. 12, 2014). Generally, a violation is found where a party fails "to take all reasonable steps within the party's power to comply" with a court order. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *In re Dual–Deck Video Cassette Recorder Antitrust*

MPA ISO DEFENDANTS' MOTION
FOR CONTEMPT

*Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (holding that civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply.")

If a party has been found in civil contempt, a court has discretion to impose sanctions. *United States v. United Mine Works of Am.*, 330 U.S. 258, 301-304 (1947). Sanctions may be compensatory, coercive, or both. *Id.* A compensatory sanction compensates the moving party for the contemptuous behavior. *Id.* "The Ninth Circuit has held that ***a court may sanction a contemnor by ordering that she pay a party's attorneys' fees and costs***." *Bademyan v. Receivable Mgmt Servs. Corp.*, No. CV 08–00519, 2009 WL 605789, at *4 (C.D. Cal., Mar. 9, 2009) (emphasis added).

A coercive sanction, on the other hand, is imposed to coerce further obedience with the court order. *United Mine Workers*, 330 U.S. at 301-304. Coercive sanctions take into account the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *General Signal Corp. v. Donallco. Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1985). If a court finds coercive sanctions appropriate, it may order the contemnor to pay sanctions to the court or order the contemnor incarcerated until he has substantially complied with the court's order. *See, e.g., id.*; *SEC v. Elmas Trading Corp.*, 824 F.2d 732, 732–33 (9th Cir. 1987). ***Courts have dismissed lawsuits and enjoined future lawsuits as coercive sanctions***. *See, e.g., Aguilar v. Sunland Beef Co.*, 89 F.3d 844 (9th Cir. 1996) (affirming dismissal of plaintiffs' lawsuit for willfully obstructing arbitration in contempt of order compelling claims to arbitration); *Shappell v. Sun Life Assur. Co.*, No. 2:10-cv-03020, 2011 WL 2070405 (E.D. Cal. May 23, 2011) (dismissing plaintiff's claims against employer as impermissible claim splitting because claims were already proceeding in arbitration); *Stoller ex rel. Stoller v. Bank of New York Mellon Trust Co.*, No. 12-

MPA ISO DEFENDANTS' MOTION FOR CONTEMPT

1307, 2013 WL 5328052 (D. Ariz. Sept. 24, 2013) (enjoining plaintiffs from filing any further actions, motions or other proceedings in connection with any loan made by a defendant in the case).

In addition to the Court's power to hold Plaintiff in contempt under Rule 70 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. §1927.  In the Ninth Circuit, sanctions under §1927 may be awarded against *pro se* litigants.  *Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990); *Marshall-Edward v. ING Bank, FSB*, No. 2:12-CV-1312-JAM, 2013 WL 1328397, at *1 (E.D. Cal. Mar. 29, 2013); *In re Melcher*, No. C-13-04930-RMW, 2014 WL 4954776, at *3 (N.D. Cal. Oct. 1, 2014).  The Court also has the inherent power to address and sanction bad faith and abuse of process. *Lockary v. Kayfetz*, 974 F.2d 1166, 1170 (9th Cir. 1992); *Aloe Vera of Amer., Inc. v. United States*, 376 F.3d 960, 964-45 (9th Cir. 2004).

## ARGUMENT

### I.   Plaintiff Has Harassed Defendants with Vexatious Lawsuits and Unnecessarily Delayed and Increased the Costs of Litigation.

Since November 2010, Claimant has embroiled defendants in *eleven different actions* in *six different forums* (EEOC, DFEH, DOL, CA DOL, State Court and Federal Court) and has threatened even more.  Each of these actions address the same nucleus of operative facts – her employment, discharge, and alleged post-termination retaliation (or "interference," in her words).  The claim splitting risks inconsistent results and *res judicata* and collateral estoppel violations, forces the parties to incur significant legal fees and court, agency and arbitral fees, and unnecessarily burdens the court, agency and arbitral forums.

In addition to bringing this continuing blizzard of litigation, Plaintiff repeatedly obfuscates and delays the prosecution and resolution of each of the various proceedings she has brought against Defendants, citing variously that she is too ill or disabled to proceed or has been unable to successfully retain counsel, thereby unreasonably and vexatiously multiplying the proceedings.[4]   Plaintiff's contumacious conduct is simply a repetition of her behavior during her employment and her other actions against Defendants, including the workers' compensation and DOL matters.   Thus, ***Plaintiff deliberately obstructs the fair, just and expeditious resolution of the proceedings – preventing any of the eleven actions to come to any final and binding conclusion***.[5]

## II.   Plaintiff Has Violated the Court's Order Compelling Arbitration.

In short, Plaintiff has engaged in a pattern of unreasonable and vexatious behavior, and continues to do so with her latest volley – the filing of the State Actions in plain contempt of this Court's Order Compelling Arbitration.  By filing the State Actions, alleging the same retaliation, harassment, and "interference" against Defendants as in this instant suit, and refusing to send the claims to

---

[4]     For instance, as the Court is well aware, despite her agreement to arbitrate, Plaintiff filed the instant suit in state court on the last day of the two-year statutory limitations period.  Shortly after removal to this Court, Plaintiff sought a stay in the Joint Rule 26 Report, citing her inability to retain counsel.   [Doc. No. 23.] Following the entry of the scheduling order and after having failed to timely respond to Defendants' written discovery requests, Plaintiff moved for a 60 day stay of discovery, this time citing her disability status.  [Doc. No. 27.]  At her deposition in this matter, Plaintiff arrived late and ended the deposition early, but agreed on the record to continue it. For months following, Plaintiff refused to reschedule her deposition as she had agreed on the record.  Plaintiff also repeatedly and unilaterally noticed depositions of witnesses she was informed were no longer employed by Defendants, were not in California, and/or were not available. Defense counsel offered numerous dates only to have Plaintiff cancel or change at the last minute.   Plaintiff also failed to produce discovery on the deadline as compelled by order of the Magistrate Judge.  [Doc. No. 49.]  Then, after the Court compelled Plaintiff to arbitrate her claims [Doc. No. 52], she lapsed back into her familiar pattern of alleged disability and counsel search excuses for delaying any compliance with the Court's Order, until after the Court issued a Show Cause Order why this action should not be dismissed [Doc. No. 55.]
[5]     Plaintiff's administrative charges have all been dismissed without adverse findings against Defendants.   However, Plaintiff has appealed her EEOC and DFEH dismissals in the instant suit and the DOL dismissal with the ALJ.

arbitration, Plaintiff has clearly violated the Court's Order, expressly ordering the parties to "proceed to arbitration" on the claims Plaintiff has asserted against Defendants in this action.

After much wrangling and delay, Plaintiff submitted the claims pending in this lawsuit to arbitration, but a mere few weeks later, ***in clear and flagrant contempt of the Court's Order***, she filed the State Actions that assert the ***same claims*** against the Defendants.  Her filing of these two lawsuits demonstrably falls short of substantial compliance with the Court's Order, which very clearly directs her to arbitrate these claims, and was not based on a good faith and reasonable interpretation of the Court's Order.  This behavior is clearly contemptuous of the Court's Order, and Plaintiff should be held in contempt for it.

**III.    Plaintiff's Actions Are Willful and in Bad Faith.**

With the Court's Order and its subsequent reminders to Plaintiff about her obligations under the DRP, it is clear that Plaintiff's decision to file the State Actions in state court was ***knowing, deliberate, and designed to harass Defendants***.  Moreover, her statement that she intended to continue filing against Defendants in different forums evidences her vindictive intentions.  Even more compelling is the timing and tacit admission by Plaintiff that she seeks to harass, inconvenience, and prejudice Defendants endlessly because of the questions asked of her at her workers' comp deposition:

- On April 25, 2011, Plaintiff walks out of her workers' comp deposition because she was asked about her banking information and investment property.  Although upset about the workers' comp insurer's questions, Plaintiff blames XBS for the alleged mistreatment at the deposition;
- Four days later, on April 29, 2011, Plaintiff intimates to a third party litigant against XBS (GCO) which she had not worked on for over two years that she has information helpful to their case and should be deposed;
- From May 6 to July 28, 2011, Plaintiff avoids and obstructs XBS and its outside counsel's attempts to inquire into her alleged knowledge and prepare her for the deposition;

MPA ISO DEFENDANTS' MOTION FOR CONTEMPT

- Plaintiff then proceeds to file additional legal actions against XBS and Xerox with state agencies, state courts, and police departments.

Plaintiff even admitted in an email to XBS that the workers' comp deposition caused this path – "the events on wc depo that led to GCO incident." (Plaintiff's Emails.)

Plaintiff's motivation and conduct demonstrate that her various legal actions are baseless and are ***merely a vehicle for her to exact her misdirected revenge*** against Defendants for XBS's insurer's typical deposition questions and are intended to gain her pound of flesh over and over and over again.  Thus, Plaintiff's bad faith in judge and forum shopping, needless increase of litigation, abuse of the judicial and administrative processes, and unreasonable, obdurate delay warrants sanctions both to recompense Defendants for having to defend against these unnecessary proceedings and to prevent her from further abusing the system. Additionally, ***defense counsel specifically provided Plaintiff with an opportunity to remedy her contempt and warned that Defendants would seek fees, costs, and all other appropriate relief if she did not withdraw her claims*** in the State Actions against Defendants and proceed in arbitration, yet Plaintiff continued in her path of violating this Court's Order. (Parties' Correspondence.)

## RELIEF REQUESTED

Plaintiff's fractured litigation approach and constant, continued delay and lack of cooperation has severely prejudiced Defendants, particularly in the incurring of excessive legal costs, but also in the loss of witnesses and memories due to her endless delays.  Specifically, as this conduct relates to the State Actions, Defendants are prejudiced because, unless this Court holds Plaintiff in contempt and dismisses or orders her to submit those claims to arbitration, Defendants will be required to respond to the same allegations at issue in this case in ***two*** separate state courts, while nevertheless responding to the same claims in arbitration as well.

MPA ISO DEFENDANTS' MOTION
FOR CONTEMPT

Accordingly and for the foregoing reasons, Plaintiff's actions in (i) filing two nearly-identical state court lawsuits, both of which simply restate the claims she has already asserted in this lawsuit and that are presently pending in arbitration, (ii) refusing to move those claims to arbitration, and (iii) obstructing and refusing to proceed assiduously through the arbitration process are clear, willful, and bad faith violations of the Court's Order Compelling Arbitration. These actions warrant that she be held in contempt for violating that Order and sanctioned accordingly.  Thus, Defendants respectfully request the following relief to address Plaintiff's contempt and the undue prejudice such has caused and will cause Defendants if Plaintiff does not obey the Court's Order:

1. that Plaintiff be found in contempt of the Court's May 29, 2014 Order Compelling Arbitration [Doc. No. 52];

2. that Plaintiff's claims against Defendants pending before this Court (and the compelled arbitration) and in the State Actions (*Pamela D. Evans; et al. v. East West Bank; et al.*, Case No. BC558513, and *Pamela D. Evans; et al. v. East West Bank; et al.*, Case No. YC070155) be dismissed with prejudice; or in the alternative, be submitted to final and binding arbitration pursuant to this Court's May 29, 2014, Order Compelling Arbitration where Plaintiff be ordered to proceed without further delay;

3. that Plaintiff be ordered to stay her two pending subject State Action claims against Defendants;

4. that Plaintiff be required to compensate Defendants for the costs they have incurred in responding to the filing of the two state court lawsuits, including any related federal court filings, and the costs incurred in filing this motion for contempt in the amount of $9,922.50;

5. that Plaintiff be enjoined from filing additional actions against these Defendants regarding her employment, termination, and post-termination alleged retaliation; and

6. that such other relief, both general and specific, to which the Court finds that Defendants are entitled, be granted.

///

///

///

MPA ISO DEFENDANTS' MOTION
FOR CONTEMPT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  December 24, 2014

MILLER LAW GROUP
A Professional Corporation


By:　　　　/s/ Holly R. Lake
　　　　Holly R. Lake
　　　　Attorneys for Defendant XEROX
　　　　CORPORATION AND XEROX
　　　　BUSINESS SERVICES, LLC


　　　　Samuel Zurik III
　　　　(Admitted *Pro Hac Vice*)
　　　　Rachel E. Linzy
　　　　(Admitted *Pro Hac Vice*)
　　　　THE KULLMAN FIRM
　　　　Attorneys for Defendants XEROX
　　　　CORPORATION AND XEROX
　　　　BUSINESS SERVICES, LLC

13

MPA ISO DEFENDANTS' MOTION
FOR CONTEMPT