**UNITED STATES DISTRICT COURT**                    JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 13-7407-JFW (AGRx)**                    Date:  January 9, 2015

Title:        Pamela D. Evans *-v-* Affiliated Computer Services, Inc., et al.

**PRESENT:**
                **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

|  |  |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                 None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING DEFENDANTS' MOTION TO LIFT STAY [filed 12/24/14; Docket No. 62]; and**

                                                **ORDER GRANTING DEFENDANTS' MOTION FOR CONTEMPT [filed 12/24/14; Docket No. 64]**

        On December 24, 2014, Defendants Xerox Business Services, LLC (f/k/a Affiliated Computer Services, Inc.) and Xerox Corporation (collectively, "Defendants") filed a Motion to Lift Stay and a Motion for Contempt.  Plaintiff Pamela D. Evans ("Plaintiff") did not file an Opposition to either the Motion to Lift Stay or the Motion for Contempt.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 26, 2015 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

**I.        Motion to Lift Stay**

        Pursuant to Local Rule 7-9, Plaintiff was required to file and serve her Opposition or Notice of Non-Opposition "not later than twenty-one (21) days before the date designated for the hearing of the motion," or January 5, 2015.  *See* Local Rule 7-9.  Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion."  *See* Local Rule 7-12.  As of January 8, 2015, Plaintiff had not filed an Opposition to Defendants' Motion to Lift Stay.  Pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file a timely Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Defendants' Motion to Lift Stay.

        Accordingly, Defendants' Motion to Lift Stay is **GRANTED**, and the stay entered by this

Page 1 of  3

                                                Initials of Deputy Clerk  _sr_

Court on May 29, 2014 is lifted so that the Court may address the Defendants' concurrently filed Motion for Contempt.

## II.    Motion for Contempt

Plaintiff has also failed to file an Opposition to Defendants' Motion for Contempt.  Therefore, pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Defendants' Motion for Contempt.  In addition, the Court has considered Defendants' Motion for Contempt on the merits, and rules as follows:

Federal Rule of Civil Procedure 70(e) allows a federal court to find a party in contempt for failure to comply with a court order.[1]  Fed. R. Civ. P. 70; *S.E.C. v. Schooler*, 2014 WL 6611465, *2 (S.D. Cal. Nov. 20, 2014).  A motion for contempt may be granted where: (1) a party has violated a court order; (2) the violation demonstrably fell short of substantial compliance with the court order; and (3) the violation was not based on a good faith and reasonable interpretation of the order. *Wolfard Glassblowing Company v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997); *NuScience Corp. v. Henkel*, 2014 WL 5846754, at *2 (C.D. Cal. Nov. 12, 2014).  Generally, a violation is found where a party fails "to take all reasonable steps within the party's power to comply" with a court order.  *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (holding that civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply").  If a party has been found in civil contempt, a court has discretion to impose sanctions.  *United States v. United Mine Works of Am.*, 330 U.S. 258, 301-304 (1947).

In this case, Plaintiff has intentionally delayed and continues to delay the Court-ordered arbitration in this case.  In its May 29, 2014 Order, this Court stayed this action and ordered the parties to arbitrate the claims alleged against Defendants in Plaintiff's Complaint.  The Court's May 29, 2014 Order was based, in large part, on the parties' agreement that the claims alleged against Defendants in Plaintiffs' Complaint were subject to arbitration under the Dispute Resolution Plan that Plaintiff agreed to as a condition of her employment with Defendants, and Plaintiff's request to arbitrate these claims.[2]  On August 22, 2014, after learning that Plaintiff had delayed initiating the

---

[1]  The Court also has the inherent power to address and sanction bad faith and abuse of process.  *Lockary v. Kayfetz*, 974 F.2d 1166, 1170 (9th Cir. 1992); *Aloe Vera of Amer., Inc. v. United States*, 376 F.3d 960, 964-45 (9th Cir. 2004).

[2]  On January 13, 2014, the Court issued an Order to Show Cause Why the Court Should Not Compel Arbitration ("OSC") after Defendants referenced "the agreed dispute resolution plan between Plaintiff and ACS" in the parties' November 25, 2013 Rule 26 Report.  On February 7, 2014, Plaintiff filed her Response to the OSC.  In her Response, Plaintiff stated that "she has a right to arbitration proceedings," and that she "would like the court to consider that the Defendants should not retaliate against her or prejudice her from arbitration proceedings that were afforded to other plaintiffs in prior and similar claims against the Defendants."  Plaintiff's Response, 2:7-8 and 5:21-23.  In addition, Plaintiff advised the Court in the Rule 26 Report that she would seek a stay of this action "until the parties initiate and attempt to resolve the dispute in arbitration."  Rule 26

Initials of Deputy Clerk _sr_

arbitration for three months, the Court ordered Plaintiff to initiate the arbitration by September 30, 2014, or the Court would consider vacating the stay of this action and dismissing Plaintiff's case for failure to prosecute.  Plaintiff initiated the arbitration with JAMS, and an arbitrator was appointed on October 29, 2014.  However, Plaintiff has now further delayed the commencement of the arbitration by her bad faith efforts to recuse and her baseless threats to sue the arbitrator she selected.

Based on a review of the history of this action, the Court concludes that Plaintiff has repeatedly violated the Court's May 29, 2014 Order requiring the parties to arbitrate the claims in this action.  In addition, the Court concludes that Plaintiff's bad faith tactics in delaying the commencement of the arbitration demonstrate she no longer has any intention of participating in the Court-ordered arbitration of her claims against Defendants.

Accordingly, Defendants' Motion for Contempt is **GRANTED**.  The Court hereby **DISMISSES with prejudice** Plaintiffs' action against Defendants for Plaintiff's repeated bad faith violations of the Court's May 29, 2014 Order.

IT IS SO ORDERED.

---

Report, 15:19-20.

Initials of Deputy Clerk   sr