HOLLY LAKE, SBN 204304
hlake@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: 310.943.8500
Facsimile: 310.943.8501

SAMUEL ZURIK III *(Pro Hac Vice)*
SZ@kullmanlaw.com
RACHEL E. LINZY *(Pro Hac Vice)*
REL@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

Attorneys for Defendants,
XEROX BUSINESS SERVICES, LLC. and
XEROX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PAMELA D. EVANS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation; and XEROX corporation, a New York corporation, and DOES 1 through 14, Inclusive,<br><br>Defendants. | Case No.: 2:13-CV-07407-JFW-AGR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL**<br><br>Date:   March 2, 2015<br>Time:  1:30 p.m.<br>Place:  Courtroom: 16<br>[Hon. John F. Waster, Judge] |

# **TABLE OF CONTENTS**

BACKGROUND ........................................................................................................... 1

I. Plaintiff Repeatedly Violated the Court Order Compelling Arbitration. ................. 1

II. Defendants Move for Contempt. ........................................................................ 2

III. The Court Finds Plaintiff in Contempt and Dismisses Her Case. ....................... 3

IV. Plaintiff Moves for Reconsideration of the Dismissal Order Stating Her Objections to the Order Compelling Arbitration. .................................................... 3

ARGUMENT ............................................................................................................... 4

I. Plaintiff's Motion Does Not Meet the L.R. 7-18 Standards for Reconsideration. ................. 4

II. Plaintiff Fails to Show Reconsideration under Rule 60(b) Is Warranted. ............................... 6

    A. Plaintiff's Neglect Is Not Excusable. .............................................................. 7
    B. Plaintiff's Allegations of Misconduct Are Unsubstantiated, Conclusory, Dubious and Unrelated to the Dismissal Order. ............................................... 9

III. Plaintiff's Reconsideration Request Is Futile. ................................................... 11

    A. Plaintiff Does Not Refute the Findings Regarding Her Bad Faith Which Led to the Dismissal Order. ................................................................ 11
    B. Plaintiff Makes Her Intention to Continue Defying the Order Compelling Arbitration Clear. ............................................................................................... 12

CONCLUSION ......................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

Azpitarte v. King Cnty.,
  No. C07-1998-JCC, 2009 WL 939124 (W.D. Wash. Apr. 1, 2009) ...................... 6

B.R. v. Prosser Sch. Dist.,
  No. CV-07-5067-FVS, 2008 WL 4682654 (E.D. Wash. Oct. 21, 2008) ............ 11

Brown v. Adidas USA, Inc.,
  205 F.3d 1350 (9th Cir. 1999) ............................................................................ 5

Casey v. Albertson's Inc.,
  362 F.3d 1254 (9th Cir. 2004) ............................................................................ 9

Costello v. United States,
  765 F.Supp. 1003 (C.D. Cal. 1991) .................................................................... 5

Daghlian v. DeVry Univ., Inc.,
  No. CV 06-994 MMM (PJWx), 2007 WL 5633392 (C.D. Cal. Oct. 10, 2007) .... 5

De Saracho v. Custom Food Machinery, Inc.,
  206 F.3d 874 (9th Cir. 2000) .............................................................................. 9

Deutsche Bank Trust Co., v. Beesley,
  Civ. No. 12–00067 SOM–KSC, 2012 WL 5383555 (D. Haw. 2012) ................ 11

Ghazali v. Moran,
  46 F.3d 52 (9th Cir. 1995) .................................................................................. 8

Handi Investment Co. v. Mobil Oil Corp.,
  653 F.2d 391 (9th Cir. 1981) .............................................................................. 5

Hulihan v. Regional Transp. Comm. of Southern Nevada,
  582 Fed. Appx. 727 (9th Cir. 2014) .................................................................... 6

Hunter v. U.S. Dep't of Educ.,
  No. CV 08-129 AHS (ANX), 2008 WL 4820778
  (C.D. Cal. Nov. 4, 2008) ............................................................................ 5, 7, 8

King v. Atiyeh,
  814 F.2d 565 (9th Cir. 1987) .............................................................................. 8

Kona Enters., Inc. v. Estate of Bishop,
    229 F.3d 877 (9th Cir. 2000) .................................................................... 4, 5

Krakauer v. Indymac Mortgage Servs.,
    No. CIV. 09-00518 ACK, 2013 WL 1181289 (D. Haw. Mar. 19, 2013) ............... 9

Kyei v. Oregon Dep't of Transp.,
    No. 3:07-cv-01607, 2012 WL 3613927 (D. Ore. Aug. 21, 2012) .................. 11

Kyriazis v. Beverly Hills Platinum Realty,
    542 Fed. Appx. 560 (9th Cir. 2013) ............................................................. 8

Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,
    571 F.3d 873 (9th Cir. 2009) ..................................................................... 4

Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union,
    952 F.2d 1144 (9th Cir.1988) .................................................................... 9

Jones v. Aero/Chem Corp.,
    921 F.2d 875 (9th Cir. 1990) (per curiam) ................................................. 9

Waggoner v. Dallaire,
    767 F.2d 589 (9th Cir. 1985) ..................................................................... 5

Wesbecher v. Landaker,
    No. CVS012410FCD DAD P, 2008 WL 4372441 (E.D. Cal. Sept. 24, 2008) ..... 5

Xerox Business Services, LLC and Xerox Corporation v. Pamela D. Evans,
    No. 14-09826 (C.D. Cal., Walter, J.) ........................................................... 2

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION OF DISMISSAL

Defendants Xerox Business Services, LLC (f/k/a Affiliated Computer Services, Inc.) ("XBS") and Xerox Corporation ("Xerox") (collectively referred to herein as "Defendants"), submit this Opposition to Plaintiff's Amended Motion for Reconsideration [Doc. No. 80] of the Order dismissing her suit for Plaintiff's repeated, bad faith contempt of the Court's Orders compelling her to arbitrate her claims [Doc. No. 74]. Plaintiff's Motion should be denied because it fails to meet the standards under L.R. 7-18 or Fed. R. Civ. P. 60 to warrant reconsideration of the Court's dismissal of her suit. Furthermore, Plaintiff's Motion is inconsistent and contradictory but nowhere does it refute or deny that she defied the Court's Orders to arbitrate.

## BACKGROUND

**I.    Plaintiff Repeatedly Violated the Court Order Compelling Arbitration.**

On May 29, 2014, this Court compelled Plaintiff to arbitrate her claims in the underlying lawsuit pursuant to her arbitration agreement with her former employer. [Doc. No. 52, hereinafter referred to as the "Order Compelling Arbitration".] Plaintiff did not appeal or seek reconsideration of the Order Compelling Arbitration. Instead, she delayed initiating arbitration by refusing to pay the $100 initiation fee for three months, prompting the Court to issue another Order reminding her of her arbitration obligation on August 22, 2014. [Doc. No. 55.] Plaintiff subsequently commenced her arbitration but continued her dilatory tactics in the arbitration, including seeking to recuse the arbitrator she selected, threatening to sue the arbitrator, and questioning the impartiality of this Court. [Doc. No. 66; *see also* Ex. 5-1b to Plaintiff's Motion, Doc. No. 80, pp. 84-92; Ex. 6-1a, p. 103.] In addition, in September and October 2014, in clear disregard and defiance of the Order Compelling Arbitration, Plaintiff filed two lawsuits in state court rather than in the arbitration alleging virtually identical claims against Defendants. [Doc. No. 66.]

## II. Defendants Move for Contempt.

Despite the denial of her recusal motion and Defendants' requests that she move her state court claims into arbitration, Plaintiff continued to pursue her objections to the arbitrator and her state court actions in further violation of the Order Compelling Arbitration. Accordingly, on December 24, 2014, Defendants filed motions to lift the Court's stay and for contempt against Plaintiff in this matter. [Doc. Nos. 62 and 64.] These motions were noticed for hearing on January 26, 2015. [*Id.*] Simultaneously, to protect their position in the ongoing Superior Court proceedings, Defendants filed a Petition to Compel Arbitration and a Motion to Stay the State Court Actions in this Court. *See Xerox Business Services, LLC and Xerox Corporation v. Pamela D. Evans*, No. 14-09826 (C.D. Cal., Walter, J.[1]) Defendants served both the motions to lift the stay and for contempt and the petition to compel arbitration on Plaintiff at the address she had specifically requested in Inglewood. [Doc. Nos. 63, 67] [*See also* No. 14-09826, Doc. No. 8.[2]]

Any opposition to the motions to lift the stay and for contempt was due by January 5, 2015 – 21 days before the hearing date. L.R. 7-9. On December 31, 2014, Plaintiff requested an extension from defense counsel to respond and to continue the hearing date, suggesting that she did not regularly visit her mailing address. [Email re extension, attached as Exhibit 8-1 to Plaintiff's Motion, Doc. No. 80, pp. 124-25.] Defense counsel objected to an extension, explaining that time was of the essence due to the ongoing state court proceedings she had initiated. (*Id.*) In the face of Defendants' objection to an extension, Plaintiff did not file an ex parte application for an extension or otherwise protest the hearing

---

[1] As the cases were related, the newly filed Petition was assigned to the same District Court judge.
[2] Although Defendants served Plaintiff with the Petition to Compel Arbitration on December 24, 2014, the accompanying motion to stay the state court actions was not noticed for hearing until January 9, 2015 once a judge was assigned to the new matter. [Doc. Nos. 13 and 16.] It was then set for hearing on February 9, 2015 which was separately served upon Plaintiff on January 9, 2015. [No. 14-09826, Doc. No. 17.]

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION OF DISMISSAL

date in the record. January 5, 2015 passed without an opposition submitted by Plaintiff.

### III. The Court Finds Plaintiff in Contempt and Dismisses Her Case.

On January 9, 2015, this Court lifted the stay and dismissed with prejudice Plaintiff's action against Defendants based upon Plaintiff's repeated bad faith violations of the Order Compelling Arbitration. [Doc. No. 74, hereinafter referred to as "Dismissal Order."] In the Dismissal Order, the Court found Plaintiff's three month delay of the initiation of arbitration and her "bad faith efforts to recuse and her baseless threats to sue the arbitrator she selected" to constitute violations of the Order Compelling Arbitration. The Court also noted that Plaintiff's bad faith delay tactics demonstrated that she has no intention of participating in the Court-ordered arbitration. [*Id.*]

### IV. Plaintiff Moves for Reconsideration of the Dismissal Order Stating Her Objections to the Order Compelling Arbitration.

On January 23, 2015, Plaintiff filed her Motion for Reconsideration [Doc. No. 75], which she amended on January 26, 2015 [Doc. No. 80]. In her motion, Plaintiff argues that she did not visit her post office box often enough to have received sufficient notice of the motion for contempt, that her lack of counsel and alleged disability interfered with her ability to promptly respond, and that various personal issues (which she appears to claim occurred at Defendants' behest despite offering nothing more than rank speculation in support) hindered her ability on numerous occasions over the past two years to timely file pleadings in her assorted legal actions. Plaintiff additionally argues that she should not have been compelled to arbitrate her claims and suggests that Defendants, the Court, and the mutually selected arbitrator have colluded against her with (1) the counsel for the father of her child, (2) her tenants, (3) her bank, and (4) unidentified members of law enforcement. Plaintiff's arguments fail to present sufficient grounds for reconsideration of the Dismissal Order.

# ARGUMENT

"A motion for reconsideration should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Further, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Inconsistent with the procedural and legal requirements, Plaintiff's motion for reconsideration focuses upon her apparent disagreement with the Order Compelling Arbitration and fails to establish sufficient grounds to revisit the dismissal of her claims under either L.R. 7-18 or Fed. R. Civ. P. 60(b). It further does not refute the Court's finding that Plaintiff has engaged in repeated bad faith – the basis of the Dismissal Order she seeks to overturn. Moreover, given her reiteration of her disdain for the Order Compelling Arbitration, Plaintiff's motion establishes her continued intentions to defy the Court's Orders.

I. **Plaintiff's Motion Does Not Meet the L.R. 7-18 Standards for Reconsideration.**

Under Local Rule 7-18, a party may move for reconsideration based on:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

(b) the emergence of new material facts or a change of law occurring after the time of such decision, or

(c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

The decision to grant or deny a motion for reconsideration under L.R. 7-18 is a matter within the Court's discretion. Daghlian v. DeVry Univ., Inc., No. CV 06-

994 MMM (PJWx), 2007 WL 5633392, *9 (C.D. Cal. Oct. 10, 2007); Hunter v. U.S. Dep't of Educ., No. CV 08-129 AHS (ANX), 2008 WL 4820778, *2 (C.D. Cal. Nov. 4, 2008). Plaintiff's motion fails to establish any of the L.R. 7-18 factors.

On the face of her motion, it is clear that there has been ***no change in law relied upon by Plaintiff.*** Instead, Plaintiff focuses her motion on her unsupported and baseless conspiracy theories of judicial bias and collusion, dubious and nebulous accusations of criminal conduct,[3] and vague suspicions of affiliations with unknown persons.[4] Except for a few assertions of alleged recent intrusions, ***these "facts" are not new nor were they hidden from Plaintiff.*** Therefore, as they were alleged prior to the Dismissal Order, they were part of the record before the Court and are not proper bases for reconsideration. Kona Enters., 229 F.3d at 890; Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985); Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991) (noting motion for reconsideration is not a vehicle for unsuccessful party to "rehash" arguments previously presented or to present "contentions which might have been raised prior to the challenged judgment"); Wesbecher v. Landaker, No. CVS012410FCD DAD P, 2008 WL 4372441, *1 (E.D. Cal. Sept. 24, 2008).[5]

---

[3] Plaintiff claims that various belongings have gone missing over the past few years. She appears to assign the cause of the loss of these items to break-ins and collusion between Defendants, law enforcement, and the courts. She also claims that she has contracted a sexually transmitted disease and vaguely ascribes this development to Defendants based only on her lack of recollection of having engaged in any sexual activity recently.

[4] Plaintiff claims that the display of United States flags at her rental properties "signifies something" and is somehow associated with Defendants. She also asserts unspecified connections with various unnamed members of law enforcement. Her basis for arguing these connections arises solely from her belief that her police reports have not been prosecuted.

[5] See also Brown v. Adidas USA, Inc., 205 F.3d 1350 (9th Cir. 1999) ("Brown has failed to identify any error committed by the district court, ... to explain why 'new evidence' accompanying his motion to reconsider could not have been presented earlier, ... to prove by clear and convincing evidence that summary judgment resulted from misconduct, ... or to identify any other reason justifying relief under Fed.R.Civ.P. 60(b). Because Brown has not

Plaintiff's contentions regarding the Court's alleged bias and denial of discovery and fair trial are also unpersuasive. *See* Hulihan v. Regional Transp. Comm. of Southern Nevada, 582 Fed. Appx. 727, 728 (9th Cir. 2014) (affirming denial of motion for reconsideration and dismissing claims of bias, failure to consider evidence, denial of due process, and lack of consideration for *pro se* status). Moreover, Plaintiff's **alleged "facts" do not address or excuse her violations of the Order Compelling Arbitration** or provide any basis for overturning the Dismissal Order, and she does not argue that the Court failed to consider any material facts in dismissing her claims for her bad faith. Accordingly, **Plaintiff has not presented adequate grounds for reconsideration under L.R. 7-18**.

## II. Plaintiff Fails to Show Reconsideration under Rule 60(b) Is Warranted.

Under Fed. R. Civ. P. 60(b), the Court may grant relief from a final order on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

shown he is entitled to relief under any subsection of Fed.R.Civ.P. 60(b), the district court acted within its discretion when it denied his motion for reconsideration."); Azpitarte v. King Cnty., No. C07-1998-JCC, 2009 WL 939124, at *2 (W.D. Wash. Apr. 1, 2009) ("Plaintiff has failed to demonstrate grounds for reconsideration of the Court's prior Order. Critically, he has still not provided any justification for his flagrant misconduct, instead mischaracterizing it as a 'few incidents of minor deadlines that were missed.' As the Court has already addressed, 'Plaintiff and his attorney ... exhibited a pattern of unprofessionalism and unreasonable delay throughout [the] entire litigation, from discovery, to motion briefing, to mediation, to the preparation of a pretrial statement,' and dismissal under the circumstances was appropriate.")

    (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Hunter v. U.S. Dep't of Educ., No. CV 08-129 AHS (ANX), 2008 WL 4820778, at *2-4 (C.D. Cal. Nov. 4, 2008). Plaintiff's motion argues excusable neglect and misconduct by Defendants, but her arguments fail as a matter of law.

### A. Plaintiff's Neglect Is Not Excusable.

In a somewhat confusing fashion, Plaintiff appears to suggest that her haphazard visits to her post office box and various illnesses should excuse her failure to oppose Defendants' motion for contempt. Once again, Plaintiff's arguments are simply inadequate to provide sufficient reason for reconsidering the dismissal.

Plaintiff bases her argument that she did not receive the motion for contempt in sufficient time to file her opposition on the following contentions: (1) the motions were not at her mailing address on December 26 when she visited her box and (2) the certificates of service identified different case numbers. As an initial matter, Plaintiff admits that she did not visit her post office box for several weeks and did not know that larger mailings were stored elsewhere. ***Plaintiff's failure to routinely check her mailbox and to know her mailroom protocols is not excusable neglect.*** Plaintiff is an active litigant and bears a responsibility to regularly check her mail or identify a delivery address where she regularly receives communications.

The certificates of service identified different case numbers because there were separate pleadings filed in two separate cases, thus necessitating different case numbers on the certificates of service. [*Compare* Doc. No. 67 *with* 2:14-cv-09826, Doc. No. 8.] The motions to lift the stay and for contempt clearly set forth

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL

the hearing date of January 26. On the other hand, the petition to compel arbitration, which was served on the same day, did not bear a hearing date. Thus, it is unclear why this would have caused confusion as to when the opposition to the motion for contempt was due. **Pro se *litigants are bound by the rules of procedure*** just as are all litigants before the Court. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff also seems to assert that the motion for contempt was not mailed to her correct address but contradictorily admits that she discovered it at that address in the large mail bin by January 20, 2015. The certificate of service shows that it was sent to her Inglewood address on December 24, 2014. [Doc. No. 67.] In any event, Plaintiff was clearly aware of the motion for contempt as of December 31 when she contacted defense counsel about the January 26 hearing date. [Ex. 8-1 to Plaintiff's Motion, Doc. No. 80, pp. 124-25.] As the ***record indicates that Plaintiff received notice*** of the motion and hearing date, ***her neglect is not excusable*** and the Court ***may consider her failure to oppose the motion for contempt as consent*** to the motion.[6] *See, e.g.,* Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal of *pro se*'s civil rights action for failing to oppose motion to dismiss); Kyriazis v. Beverly Hills Platinum Realty, 542 Fed. Appx. 560 (9th Cir. 2013) (finding dismissal for failure to oppose motion to dismiss could be deemed consent to the granting of the motion and affirming denial of motion to reconsider because *pro se* plaintiff failed to establish any basis for reconsideration); Hunter, 2008 WL 4820778, *3-4 (denying plaintiff's motion for reconsideration as his claims of failure to receive pleadings were not supported by the record and did not constitute a ground for reconsideration).

---

[6] It should be noted that the Court only considered Plaintiff's failure to file an opposition as consenting to the lift of the stay. The Court did not discuss her failure to oppose in its analysis of the motion for contempt. [Doc. No. 74.]

### B. Plaintiff's Allegations of Misconduct Are Unsubstantiated, Conclusory, Dubious, and Unrelated to the Dismissal Order.

As the moving party, Plaintiff must make a ***significant showing of fraud, misconduct, or misrepresentation*** entitling her to relief. *See* Jones v. Aero/Chem Corp., 921 F.2d 875, 878-79 (9th Cir. 1990) (per curiam). For reconsideration on this basis, the ***objectionable conduct must not have been discoverable*** by due diligence before or during the proceeding and ***must be materially related*** to the submitted issue. Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir.1988); Krakauer v. Indymac Mortgage Servs., No. CIV. 09-00518 ACK, 2013 WL 1181289, at *3-4 (D. Haw. Mar. 19, 2013). To prevail on a motion for reconsideration made pursuant to Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000).

Plaintiff's allegations of misconduct are nothing more than a rehashing of the allegations in her Complaint, are unconnected to Defendants except through Plaintiff's tenuous conspiracy theories, and are not related to the granting of the motion for contempt which was based on her repeated violations of the Order Compelling Arbitration:

1. ***Contact with ex-boyfriend:*** Plaintiff claims that in January 2014, Defendants' alleged contact with her ex-boyfriend led his mother to verbally attack her and prevented her from opposing Defendants' motion to strike her jury trial demand [Doc. No. 27]. Aside from the fact that Defendants do not know who Plaintiff's ex-boyfriend is, this alleged misconduct was discoverable prior to the contempt proceeding and is wholly unrelated to the Dismissal Order.

2. ***Detached disability notice:*** Plaintiff claims that the Court detached her doctor's note from her motion to stay filed with the Court on January 7, 2014. However, the pleading in the record has disability forms attached. [Doc. No. 29.] Additionally, the Court's order denying her motion states that she failed to demonstrate how her alleged disability prevented her from continuing to prosecute this action, not that she did not attach

medical evidence. [Doc. No. 34.] Importantly, Plaintiff does not show how this alleged misconduct was perpetrated by Defendants, what relevance it has to the Dismissal Order, or why it was not raised earlier.

3. **Break-Ins:** Plaintiff contends that her home and rental properties have been broken into on multiple occasions, including on May 20, December 24, and December 31, 2014. In connection with these break-ins, she claims that certain items are missing, she was drugged and sexually violated, her computer programs were re-formatted, and toilet plumbing was compromised. She provides no evidence that Defendants engaged in or directed these acts. It goes without saying that Defendants deny any involvement with Plaintiff's personal life. As Plaintiff's former employer (and its parent company) from several years ago, Defendants simply have no reason, means, or need to violate Plaintiff or her property in such a way. Moreover, as the alleged break-ins were known to Plaintiff and had no impact on Plaintiff's decisions to delay the arbitration and violate the Order Compelling Arbitration, they do not support a reconsideration of the Dismissal Order.

4. **Displaying United States Flags:** Plaintiff appears to ascribe some unknown significance to the fact that her renters have displayed US flags. Defendants are unclear as to how her renters' patriotism demonstrates an act of misconduct by Defendants. In any event, there is clearly no connection between this and the Dismissal Order.

5. **Overhead Surveillance:** Plaintiff again claims that she has been subjected to overhead surveillance for at least two years. These claims have been made before (without any support other than Plaintiff's belief that helicopters have been near her on various occasions), considered by the Court, and do not constitute grounds for reconsideration.

6. **Attorney Withdrawal:** Plaintiff re-raises her suspicion that Defendants harassed the attorney representing her in the DOL matter. Defendants' advocacy in litigation does not constitute misconduct.[7] Moreover, the withdrawal occurred on April 24, 2014. As such, Plaintiff's raising of the matter now does not constitute grounds for reconsideration.

7. **Custody Case and Police Arrest:** Plaintiff makes allegations regarding Aja Mann, an attorney evidently representing the father of her child in a custody matter, and the police arresting one of her tenants. There is no assertion (and Defendants again deny) that Ms. Mann's actions or the police's actions have any connection with Defendants or the Dismissal Order.

Plaintiff's sweeping, unsubstantiated accusations of misconduct and personal trials and tribulations do not provide material evidence regarding the facts in this specific case or reasons to reconsider the dismissal of her action due to her bad faith contempt. Deutsche Bank Trust Co., v. Beesley, Civ. No. 12–00067 SOM–KSC, 2012 WL 5383555 at *4 (D. Haw. 2012) (sweeping accusations against an

---

[7] While defense counsel informed Plaintiff's counsel that they would pursue the completion of Plaintiff's deposition, such communications were virtually identical to the ones directly with Plaintiff herself and clearly do not constitute harassment.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL

industry held not sufficient to reconsider dismissal); B.R. v. Prosser Sch. Dist., No. CV-07-5067-FVS, 2008 WL 4682654, at *6 (E.D. Wash. Oct. 21, 2008) (unsubstantiated allegations of misconduct did not warrant reconsideration); Kyei v. Oregon Dep't of Transp., No. 3:07-cv-01607, 2012 WL 3613927 (D. Ore. Aug. 21, 2012) (dismissing motion for reconsideration based on allegations of surveillance by unidentified persons, unauthorized contact with plaintiff's personal belongings and legal documents, and collusion with defense counsel). Plaintiff has not substantiated any of her conspiracy theories nor has she shown how the alleged misconduct caused her to delay arbitration, or to defy the Court's Orders, or prevented her from fully defending against the motion for contempt. Thus, she has not established grounds for reconsideration under Fed. R. Civ. P. 60(b)(1) or (b)(3).

### III. Plaintiff's Reconsideration Request Is Futile.

Aside from Plaintiff's inability to raise supportable grounds for reconsideration, Plaintiff's motion demonstrates that the bad faith finding and cause for the Dismissal Order are proper. Accordingly, reconsideration would simply lead to the same decision – bad faith and repeated violation of Court Orders.

#### A. Plaintiff Does Not Refute the Findings Regarding Her Bad Faith Which Led to the Dismissal Order.

Defendants moved for a finding of contempt and the dismissal of Plaintiff's action because Plaintiff repeatedly violated the Order Compelling Arbitration in delaying arbitration by failing to pay the initiation fee for three months, casting aspersions on the process, and seeking to recuse and threatening to sue the selected arbitrator, as well as initiating two lawsuits in state courts on the same claims. [Doc. No. 64.] The Court agreed and found that Plaintiff's defiance was in bad faith and was likely to continue. [Doc. No. 74.] Plaintiff does not dispute that she delayed initiating the arbitration, disparaged the arbitration process and

associations, sought the removal of her arbitrator, or filed the two actions in state court. Indeed, Plaintiff attaches copious documents evidencing each of these. [*See, e.g.,* Exhibits 2-1, 5-1b, and 6-1a to Plaintiff's Motion, Doc. No. 80, pp. 38, 43-44, 84-92, 103.] Thus, Plaintiff has offered no basis for concluding that she has not engaged in bad faith so as to warrant reconsideration of the dismissal of her action.

### B. Plaintiff Makes Her Intention to Continue Defying the Order Compelling Arbitration Clear.

Plaintiff focuses a considerable portion of her motion for reconsideration on arguing against the Order Compelling Arbitration despite the fact that she did not object to the Order when it was issued on May 29, 2014. She asserts a variety of reasons why she should not have been forced to arbitrate her claims – all of which fail because they have already been considered by the Court. Plaintiff claims that as discovery was conducted prior to the Order Compelling Arbitration, the right to arbitration was waived. Waiver was considered and addressed by the Court in the Order. [Doc. No. 52.] The parties' rights and access to discovery were also addressed in the Order. [*Id.*]

Plaintiff also protests the arbitrator who was appointed through the mutual selection process. The arbitration association has considered and rejected Plaintiff's motion for recusal. [Ex. 5-1b to Plaintiff's Motion, Doc. No. 80, p. 92.] In none of these arguments does Plaintiff recognize that her signed agreement to arbitrate represents a contractual obligation on her part or that the Court ordered her to arbitrate her claims against Defendants more than seven months ago.

Plaintiff's disagreement with the Court's decision to compel her claims to arbitration does not justify her failure to abide by that Order. Moreover, her continued questioning of the decision and the appointment of the arbitrator, as well as her stated intention to fight dismissal or arbitration of her two state court cases, indicates that her defiance of the Order Compelling Arbitration will continue, further supporting the finding of bad faith contempt and demonstrating that

reconsideration of the Dismissal Order would be futile. [Exhibits 2-1, 5-1b, and 6-1a to Plaintiff's Motion, Doc. No. 80, pp. 38, 43-44, 84-92, 103.]

## CONCLUSION

Plaintiff's motion for reconsideration asserts two insufficient bases for overturning the Dismissal Order. First, she claims her ability to respond timely throughout all of her various legal actions has been hindered by her inability to find counsel (for more than four years), her alleged disability, a personal custody matter, disagreements and issues with her personal tenants, and home burglaries. These are insufficient reasons for reconsideration of the Dismissal Order and do not demonstrate misconduct on Defendants' part. Second, she argues that her violations of the Order Compelling Arbitration should not cause the dismissal of her action because she disagrees with arbitration. Her much belated attempt to

//
//
//
//

13

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION OF DISMISSAL

oppose the Order Compelling Arbitration also fails to warrant reconsideration and, indeed, further supports the reasons for the Dismissal Order. For these reasons, Defendants respectfully submit that Plaintiff's motion for reconsideration be denied and her action be dismissed with prejudice.

Respectfully submitted, this the 6th day of February, 2015.

By: /s/ Holly R. Lake

HOLLY LAKE, SBN 204304
hlake@millerlawgroup.com
**MILLER LAW GROUP**
12121 Wilshire Blvd., Suite 1375
Los Angeles, CA 90025
Telephone: 310.943.8500
Facsimile: 310.943.8501

SAMUEL ZURIK III
*(Admitted Pro Hac Vice)*
SZ@kullmanlaw.com
RACHEL E. LINZY
*(Admitted Pro Hac Vice)*
REL@kullmanlaw.com
**THE KULLMAN FIRM**
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189

**Attorneys for Defendants**
**Xerox Corporation and Xerox Business Services, LLC.**

14

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION OF DISMISSAL

# PROOF OF SERVICE
## Case No.: 2:13-CV-07407-JFW-AGR

I, Nilo A. Cardeno, declare that I am employed at Miller Law Group, A Professional Corporation, whose address is 12121 Wilshire Blvd, Suite 1375, Los Angeles, CA 90025; I am over the age of eighteen (18) years and am not a party to this action. On the below date, by the method noted below, I served the following document(s):

Pamela D. Evans
1201 N. La Brea Ave. #25
Los Angeles, CA 90302

Pamela D. Evans
1543 W. 35th Street
Los Angeles, CA 90018

☒ **VIA U.S. MAIL**

Following ordinary business practices, I placed the document for collection and mailing at Los Angeles, California in a sealed envelope. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2015 at Los Angeles, California.

_____
Nilo A. Cardeno